PearsoN, C. J.
In support of the plea^“ nul tiel record,” the defendant takes three grounds. This Court is of-opin-ioh that neither is tenable. ' 1. “ Thd Judge had no power to authorize a Justice of the Peace to-take the recognizance . ’ ’
When a Judge, in a proceeding initiated before him,, adjudicates that the party is entitled to be discharged on ¿¡giving bail, and fixes the .amount, it has-long been the practice in this State, if the party be not prepared with sureties, for the Judge to authorize one or more Justices of the Peace, named by him. to take the recognizance; and. recognizances so taken have heretofore, as far back as the memory of the members, of this Court extends, always been deemed valid. This practice has prevailed so long, and is so obviously for the ease of the citizen, that . we would not be justified in now putting a stop to it, unless satisfied that it is in violation .of some important principles of law. It is true, a judicial function cannot be delegated : but after the Judge has decided that the party is entitled to be discharged on giving bail, and has fixed the amount, all of the questions presented by the proceedings, are disposed of, and nothing remains to be done but to carry the adjudication into execution ; and there is no reason why the Judge may not authorize a Justice of the Peace to do it; for all he has to do is to pass on the sufficiency of the surety, and to attest the *76 -,Moí that the recognizance is entered into. Tbe former '"fíivolves no question of law, but it is a matter of fact, which may be ascertained by one man, who is authorized . to administer an oath, as well as another, and although in'strictness it may bo deemed an act of a judicial nature, it affords rather a technical, than a substantial objection to the practice. .The latter is a, mere ministerial act, which requires no exercise of judgment, either in respect ■ to a matter of law, or of fact; and is done by hearing the recognizance, and^making and attesting a “minute” or memorandum, by which a formal recognizance may be af-terwards drawn up, for instance : “ A B recognized in $1000 to appear at &c.” “OD recognizéd as surety in ■ alike sum.” In State vs. Hill, 3 Ire., 398, Judge Ruffin sanction* the practice, arid intimates an opinion, that it may be supported on the ground that a Justice of the Peace has' power,, virtute officii, to take recognizances; and the effect of the order of the Judge is simply to enable the Justice to obtain Control of the body, which he ■ could not otherwise do, having no power to issue a writ of habeas corpus. So, the authority conferred by the Judge, is uot a delegation ef a judicial function, hut the.substitution of one judicial officer in place of another, in respect to a minor part of the proceeding, the' main questions having been disposed of.
. 2. “The Judge made no adjudication allowing the ■prisoner to give hail, and no order authorizing the Justice of the Peace to take the recognizance.”
It'is true, -an adjudication that the prisoner is entitled to be discharged on giving hail, is not formally set out, and there is no formal order authorizing the justices to take the recognizance. But these things are done in substance, and all errors are waived by consent. The facts *77 are — tbe petition is filed, and the Judge decides that the writ should issue ; and for this purpose signs his name officially, and directs the formal words to be inserted, and the writ to issue, if necessary ; but for the sake of saving ‘‘expense and trouble,” with the consent of the Solicitor for the State, he- expresses his opinion, that on the facta stated, the petitioners are entitled to be discharged on giving bail for their appearance, fixes the amount at $2000 for. each, and suggests that the recognizance be taken by two Justices of the Pease, whom he names, without the formality of a writ.. This suggestion is accepted and acted on.. The Justices named treat the matter as if the Judge had allowed the prisoners to give bail, and authorized them to take it. This is-done with the consent of the Solicitor, and of the prisoner, and of-the defendant, who was offered as surety, and they admit under their hands and seals, that, ‘•' upon application to the Judge, he had ordered that the prisoners he alloioed hail in the sum of $2,000 each, and had authorized the two Justices to take the recognizance,” which is done, and the orisoners thereupon discharged.
There is force in the suggestion that on the authority of Iredell vs. Barbee, 8 Ired., 250, . and United States vs: - 2 Brockenborough, 115, ‘these admissions made in a solemn manner, and acted on for the benefit of the prisoners, amount to an estoppel, and conclude the parties from gainsaying the matters admitted. However this may be, it is clear that if the admissions do not operate by way of estoppel they constitute plenary evidence of consent to “ waive all errors,” and dispense with all parts' of the proceeding preliminary to taking the recognizance, which it was in the power of the parties to dispense with.
*78 It is true, “ conseut cannot' confer jurisdiction-; ’ ’ but we are of opinion that the jurisdiction of the Judge attached, and the proceeding Tjas regularly constituted before him, by filing the petition ; and all errors of form could be waived, and all formal parts of the' proceeding be dispensed with, by consent. For instance, if the parties consent that the body need not be produced, and, on the return, setting- out “the cause of detention,” the Judge disposes of the question, his ruling is. binding. This shows that, after the proceeding is regularly constituted, the parties may, by consent, treat the production of the body as a matter of form, and dispense with it, although it is usually the most important part of the pro-ceoding ; and the Judge cannot dispose of the matter, unless the body is produced, or considered as present, by consent, and error waived.
So; after the petitioh is filed, if tbe parties submit the questions on a “ case agreed,” waiving, by consent, the necessity for issuing a writ, I apprehend the ruling would be binding ; for the purpose of the writ is, simply, to compel tbe production of tbe body, together with the cause of detention ; and if tha# purpose be answered, the writ may be treated as matter of form, and waived by consent. Our case is stronger — for the Judge signed his name officially, with directions to insert the formal words ; and the writ, so far as his action was concerned, had issued, and further proceedings on it were dispensed with by consent.
It is also true that it was irregular for the Judge to give, his'opinion that, on the facts stated, th'e prisoners were entitled to be discharged on giving bail, and to fix the amount and name the Justices of the Peace, before and. in anticipation of the consent of the prisoners to waive error's and dispense with formal proceedings; but, as this *79 consent was after war dsj while the proceeding wag pending, giren in the fullest manner, the irregularity was cured ; and it would have been an idle form for the Judge to repeat his opinion, and to-state the amount of the bail, and name the Justices of the Peace a second time.
3. “ The recognizance is not in due form, and was not taken as authorized by the Judge.”
We stated, under the first head, what is necessary yi order to take a recognizance.
These requisites are complied with. The signing and sealing, by the prisoners and the defendant, w;ere not necessary to give validity to the recognizance ; but, in respect to that, it does no harm; and in respect to the consent to waive errors, &c., we have seen, under the second head, that it had a very important bearing.
Whether the defendant can be made to pay more than one sum of $2,000, by a proper construction of the instrument, is a question not presented in this casé.
There is error. Judgment reversed and judgment for the State according to scire facias. .